# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VALLEY VIEW AGRI, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-1297-D ) |
| PRODUCERS COOPERATIVE OIL MILL, | ) ) ) ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Defendant's Motion for Summary Judgment [Doc. No. 28] filed pursuant to Fed. R. Civ. P. 56. Defendant seeks judgment as a matter of law regarding Plaintiff's breach of contract and unjust enrichment claims. Plaintiff has responded in opposition [Doc. No. 46], and Defendant has replied [Doc. No. 48]. For the reasons set forth below, the Court denies Defendant's Motion.

## **Factual Background**

On May 29, 2009, Plaintiff ("Valley View")[1] and Defendant ("PCOM") entered into a contract ("Contract") originally proposed by Valley View, but revised and finalized by PCOM. *See* Mot. [Doc. No. 28] at 3-4; Resp. [Doc. No. 46] at 2. The Contract involves pre-construction design and engineering services[2] for an oil mill that was to be located at

---

[1] Defendant contends that it contracted with "Valley View Agri-Systems, Inc.," not Plaintiff, that the Contract was unassignable absent written consent, and accordingly, reserves the right to challenge Plaintiff's standing. Mot. [Doc. No. 28] at 1 n.1; *see also* Contract [Doc. No. 1-1] at 4.

[2] The pre-construction design and engineering services encompassed the following categories: Geotechnical Investigation and Engineering; Foundations Engineering, Design, and Drafting; Dust Control Engineering, Design, and Drafting; Electrical Engineering, Design, and Drafting; and Overall Site Layout and System Design. *Id.* at 1-2.

2500 S. Council Rd. in Oklahoma City, Oklahoma ("Project"). Contract [Doc. No. 1-1] at 1. The "Terms of payment" provision detailed the following states:

> Valley View Agri, Inc. agrees to provide all of the design and engineering services described herein for the actual costs incurred, not to exceed, under any condition whatsoever, the sum of Seven Hundred and Thirty-one Thousand and One Hundred Dollars ($731,100.00).
>
> Valley View Agri, Inc. further agrees no payment shall be due and owed by PCOM for the design and engineering services provided by Valley View Agri, Inc. until PCOM has received all bids submitted for the construction of the Project and PCOM has made its determination of which bidder it will retain to perform construction of the Project. If Valley View Agri, Inc. is the bidder chosen by PCOM for the contract for construction of the Project, then no payment shall be required for the engineering and design services performed by Valley View Agri, Inc. and which are described herein. However, should the contract for construction of the Project be awarded to a bidder or contractor other than Valley View Agri, Inc., then Valley View Agri, Inc. shall submit its invoice for the actual costs incurred for the design and engineering services provided to PCOM and described herein, not to exceed, under any condition whatsoever, the sum of Seven Hundred and Thirty-one Thousand One Hundred Dollars ($731,100.00). PCOM's payment of the invoice in full shall be due on or before [f]orty-five (45) days from date of invoice.

*Id.* at 2. Valley View completed its design and engineering work as specified in the Contract, with the following requested modifications: "(1) changed from 20 meal-pellet tanks to 9 meal-pellet tanks, (2) added aeration to 2 of the 105' diameter tanks, (3) added aeration to all nine of the meal-tanks, (4) eliminated the 4 – 60,000 bushel day storage tanks and replaced them with one small surge tank (approximately 20,000 bushels) for surge into the plant." Resp. [Doc. No. 46] at 18; Email [Doc. No. 46-22] at 1. PCOM's requested modifications "represented major changes to the design of the Project and

2

required [Valley View] to perform extensive redesign work." Compl. [Doc. No. 1] at 6. PCOM abandoned the Project prior to bidding it out. Mot. [Doc. No. 28] at 6; Resp. [Doc. No. 46] at 18. To date, Valley View has received no payment for its services.

Valley View brought suit on November 23, 2015, alleging breach of contract and unjust enrichment, and asserting its services – including all requested modifications – amount to $1,234,068. Compl. [Doc. No. 1] at 1; Invoice [Doc. No. 1-2] at 1. PCOM moved for summary judgment on July 28, 2016, contending that the "Contract simply provides no right of payment" to Valley View, and that it precludes Valley View's ability to sue for unjust enrichment. *See* Mot. [Doc. No. 28] at 2.

## Standard of Decision

A court shall grant summary judgment only when the undisputed material facts establish that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *McKinzy v. Union Pacific R.R.*, 349 F. App'x 303, 305 (10th Cir. 2009) (finding that even if all facts are deemed admitted, "the district court still has to determine whether . . . the movant is entitled to judgment as a matter of law") (citing *Murray v. City of Tahlequah*, 312 F.3d 1196, 1200 (10th Cir. 2002)). In applying this standard, all facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**Discussion**

Oklahoma law[3] requires, and Valley View has pled, three elements for breach of contract: (1) the formation of a contract; (2) a breach thereof; and (3) actual damages suffered from the breach. *See Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 844 (Okla. 2001); Compl. [Doc. No. 1] at 4, 8. The parties raise no challenge regarding formation of the Contract, therefore the Court finds this element established. Determining whether a breach has occurred, however, initially requires the Court to interpret the contract as a whole, which presents a question of law. *See Edwards v. Doe*, 331 F. App'x 563, 571 (10th Cir. 2009) (unpublished opinion) ("Under Oklahoma law, the interpretation of a contract is a question of law.") (citing *May v. Mid-Century Ins. Co.*, 151 P.3d 132, 140 (Okla. 2006)).

The Oklahoma statutory rules of construction establish the following: the language of a contract governs its interpretation, if the language is clear and explicit and does not involve an absurdity (OKLA. STAT. tit. 15, § 154); a contract is to be taken as a whole, giving effect to every part if reasonably practicable, each clause helping to interpret the others (OKLA. STAT. tit. 15, § 157);[4] a contract must receive such an interpretation as will make it operative, definite, reasonable, and capable of being carried into effect (OKLA. STAT. tit. 15, § 159); words of a contract are to be given their ordinary and popular meaning (OKLA. STAT. tit. 15, § 160); and a contract may be explained by reference to the

---

[3] The parties acknowledge that Oklahoma law is applicable to this case. *See* Contract [Doc. No. 1-1] at 4.
[4] "More importantly, in construing a contract a court must consider it as a whole 'so as to give effect to all its provisions without narrowly concentrating upon some clause or language taken out of context.'" *Sabine Corp. v. ONG W., Inc.*, 725 F. Supp. 1157, 1191 (W.D. Okla. 1989) (quoting *Mercury Inv. Co. v. Woolworth Co.*, 706 P.2d 523, 529 (Okla. 1985)).

circumstances under which it was made, and the matter to which it relates (OKLA. STAT. tit. 15, § 163).

Here, the "Terms of payment" provision in the Contract covers two payment scenarios: (1) Valley View "is the bidder chosen by PCOM for the contract for the construction of the Project," or (2) "the contract for construction of the Project [is] awarded to a bidder or contractor other than Valley View." Contract [Doc. No. 1-1] at 2. The express language of the Contract contemplates that, if Valley View is selected to construct the project, PCOM will not have to pay Valley View for its design and engineering services. The Contract fails to address payment in the event PCOM abandons the Project prior to bidding it out.[5] PCOM argues that the absence of such a payment provision supports its contention that "PCOM did not desire to guarantee a payment" in the event PCOM abandoned the Project. Mot. [Doc. No. 28] at 13.

On the summary judgment record presented, the Court cannot conclude, as a matter of law, that PCOM is entitled to judgment on Valley View's breach of contract claim. PCOM advances a strained interpretation of the parties' Contract. There is no indication from the language of the Contract that the parties intended that no payment obligation would exist in the event PCOM abandoned the project before taking bids for construction. Indeed, such an interpretation is contrary to the Oklahoma rules for contract construction, in that 1) it would lead to the absurd result that Valley View would be entitled to no

---

[5] The parties never discussed, at the time of contracting, what payment obligation would result in the event PCOM abandoned the Project prior to bidding it out. *See* Whitworth Dep. [Doc. No. 46-4] 97:13-17; Penn Aff. [Doc. No. 46-3] ¶ 12.

5

compensation in the event PCOM abandoned the project, or simply neglected to act on bids received – scenarios not expressly addressed in the Contract; 2) it would require the Court to read into the Contract terms not negotiated by the parties; 3) it would require the Court to focus on a single part of the Contract, at the expense of the remainder of the writing and the underlying purpose of the agreement; and 4) it fails to allow for an interpretation that would make the Contract operative, definite, and reasonable.

Further, summary judgment in favor of PCOM on Valley View's claim that the Contract was altered by a fully executed oral agreement is not appropriate. It is clear from the parties' submissions that disputed issues of fact exist regarding whether such an oral agreement was made, and if so, whether it was fully executed.

Likewise, the Court finds that summary judgment in favor of PCOM on Valley View's unjust enrichment claim is premature, because it has yet to be determined whether Valley View has an adequate remedy at law for contract damages, or damages claimed in relation to the modifications performed. *See Am. Biomedical Grp., Inc. v. Techtrol, Inc.*, 374 P.3d 820, 828 (Okla. 2016) ("a party is not entitled to pursue a claim for unjust enrichment when it has an adequate remedy at law for breach of contract") (citing *Krug v. Helmerich & Payne, Inc.*, 362 P.3d 205, 209 (Okla. 2015)).

**Conclusion**

For these reasons, the Court finds Defendant is not entitled to summary judgment based upon the record currently before the Court.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. No. 28] is DENIED.

IT IS SO ORDERED this **31st** day of March, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE